UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | CR. NO.: 3:02-548-CMC |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| Antonio Owens, ) | |
| ) | |
| Defendant, ) | |
| _____) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and certain errors by this court during the trial of this matter and at sentencing. On October 20, 2010, Defendant amended his motion to include an assertion that he is entitled to resentencing based upon the Fair Sentencing Act. The Government has moved for summary judgment as to Petitioner's claims in his original petition, and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion for summary judgment, finds that Defendant's argument relating to the Fair Sentencing Act is unavailing, and dismisses this petition with prejudice.

### BACKGROUND

In July 2002, Defendant, together with a number of codefendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. A Superseding Indictment was subsequently returned which also charged Defendant with felon in possession, a violation of 18 U.S.C. § 922(g).

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On February 4, 2004, Defendant was sentenced to life in prison and a term of supervised release of ten

years.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that error committed by this court under *Booker v. United States*, 543 U.S. 220 (2005), was not harmless as to this Defendant, vacated his sentence and remanded for resentencing. *See United States v. Owens*, 270 Fed. Appx. 236 (4th Cir. 2008). The Fourth Circuit also found that any other grounds for appeal raised by Defendant were without merit.

On July 22, 2008, Defendant appeared for resentencing. After considering the Sentencing Guidelines and other factors as required by 18 U.S.C. § 3553, Defendant was sentenced to 300 months' imprisonment. Defendant again appealed, and his sentence was affirmed by the Fourth Circuit. *United States v. Owens*, 320 Fed. Appx. 175 (4th Cir. 2009).

Defendant filed this motion for relief on August 30, 2010, contending that he received ineffective assistance of both trial and appellate counsel, and asserting other grounds for relief relating to certain actions by this court. The Government responded in opposition to Defendant's motion and moved for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant filed a response to the Government's motion on October 20, 2010.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective

2

assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

### GROUND ONE – INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's first contends that trial counsel was ineffective at his initial sentencing in failing to make certain objections to and in failing to review the Presentence Report (PSR) with him prior to sentencing. However, Defendant's contentions are without merit. The PSR was reviewed with Defendant by counsel's investigator, written objections were raised on Defendant's behalf by counsel (including an objection to the amount of drugs attributable to Defendant), and Defendant was given the opportunity to review the Addendum with counsel prior to sentencing. Additionally, Defendant argues that counsel should have made objections relating to drug weights (which were

made, but later withdrawn), and to the "testimony and wire tap, tape records [sic] of Corey Williams, which violated" his Sixth Amendment rights. "Amendment to Petitioner's Pending 28 U.S.C. § 2255 Motion" at 9 (Dkt. #3254-1, filed Aug. 30, 2010).

Defendant's allegations are without merit. Prior to proceeding with sentencing, this court determined that Defendant had an adequate opportunity to review the PSR, and to raise objections. The court took a break for counsel to review the Addendum with Defendant, and Defendant thereafter acknowledged that he had an opportunity to review the PSR and to discuss objections with counsel. Additionally, even if counsel had been ineffective in failing to review the PSR with Defendant prior to sentencing, Defendant can show no prejudice. The evidence at trial, which provided the basis for the calculation of drug weights as to Defendant, was overwhelming. As to Defendant's assertions relating to counsel's alleged failure to object to wiretap recordings and consensual tape recordings of "Corey" Williams, these contentions are without merit. This matter was addressed during pretrial proceedings, and during the course of the trial, and was preserved for and addressed on appeal.[1]

---

[1]As reiterated by the Fourth Circuit:

> Appellants argue that the admission of the statements of the late Corey Williams, captured via wiretap (before his cooperating with authorities) and via wire (with Corey Williams's consent), violated their right under the Sixth Amendment to "confront[ ] . . . the witnesses against [them]." U.S. Const. amend. VI. We review de novo the legal question of whether the admission of certain evidence violates the Confrontation Clause. *United States v. Halteh*, 224 Fed.Appx. 210, 216 (4th Cir.2007).
>
> Only admission of "testimonial" statements implicates the Confrontation Clause. See *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Statements in furtherance of a conspiracy are not testimonial. *See id*. at 56, 124 S.Ct. 1354; *United States v. Sullivan*, 455 F.3d 248, 258 (4th Cir.2006). Prior to his cooperation with authorities, Corey Williams was a coconspirator to Appellants. Any

As to the actions of counsel at resentencing, Defendant's assertions are without merit.

### GROUNDS TWO THROUGH FOUR AND AMENDMENT FILED OCTOBER 20, 2010

Grounds Two through Four of the motion present issues which either were or should have been pursued on direct appeal. To the extent any of these issues was pursued on appeal, it was decided against Defendant, and therefore cannot be reasserted here. *See Davis*, 270 Fed. App'x at 248 n.9. To the extent it was not raised on appeal, failure to do so bars any consideration in this court.

Defendant's "amendment" to the motion filed October 20, 2010, asserts that he should benefit from the Fair Sentencing Act and should be resentenced under the more favorable ratio between powder and "crack" cocaine. However, this statute has not been determined to be retroactively applicable. Therefore, this motion is without merit.

---

> statements captured by the wiretap, therefore, are non-testimonial and their admission does not violate the Confrontation Clause.
>
> Furthermore, the district court carefully circumscribed the jury's consideration of those statements of Corey Williams captured, with his consent, via wire. The court cautioned the jury that the statements "are not offered to prove the truth of the matter. In other words, you may not take as true what Cor[e]y Williams is saying." S.J.A. 746. Instead, Corey Williams's half of the conversation was admitted to provide context for the captured statements made by others. A statement is not "testimonial" unless "made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51, 124 S.Ct. 1354 (internal quotations omitted). Because Corey Williams's statements were not admitted for their truth, they were not testimonial. The cooperating Corey Williams was not, then, a "witness[ ] against [Appellants]," U.S. Const. amend. VI, and the admission of his statements therefore poses no Confrontation Clause problem.

*United States v. Davis*, 270 Fed. App'x 236, 248 n.9 (4th Cir. 2008).

**CONCLUSION**

For these reasons and for the reasons stated by the Government, which this court finds to be correct and adopts as its findings, Defendant's motion fails. The Government's motion for summary judgment is **granted**, and Defendant's motion is denied.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 22, 2011