IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:02-00548-026-CMC |
| v. | |
| Antonio Owens, | Opinion and Order |
| Defendant. | |

This matter is before the court pursuant to Defendant's *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582 (c)(2) and USSC Amendment 782. ECF No. 4027. As the court has previously denied a motion by Defendant for relief under this statute (ECF Nos. 3953, 3989), the court construes this filing as a motion for reconsideration.

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). Accordingly, this court is without jurisdiction to entertain Defendant's motion for relief under § 3582(c).

Even if this court had jurisdiction to entertain this motion, Defendant is not entitled to relief under Amendment 782 because the new guideline range did not lower Defendant's current sentence, as stated in the denial of Defendant's motion. *See* Order, ECF No. 3989.

Therefore, Defendant's motion is **dismissed** as this court is without jurisdiction to consider it.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
March 28, 2016