IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:02-548-CMC |
| v. | |
| Antonio Owens, | Opinion and Order |
| Defendant. | |

This matter is before the court pursuant to Defendant's *pro se* motion for sentence reduction under Amendment 782. ECF No. 4152. Defendant has previously filed two motions for reduction of sentence under Amendment 782, which the court denied. *See* ECF Nos. 3953 (motion); 3989 (Order); 4027 (motion), 4028 (Order). The Fourth Circuit Court of Appeals affirmed both decisions. ECF Nos. 4026, 4066.

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). "[T]he rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional and thus subject to waiver." *United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017).

Regardless of the prohibition on successive motions, Defendant's motion for reconsideration fails on the merits because he is not entitled to a reduction pursuant to Amendment

782. Defendant was granted a variance at sentencing, resulting in a 300 month sentence. The variance applied at sentencing cannot be applied a proceeding pursuant to 18 U.S.C. § 3582(c)(2). Therefore, Defendant's guideline range is not lowered by the application of Amendment 782. See ECF No. 3925, SRR. Further, Defendant's argument regarding his base offense level is unavailing. Defendant argues he was held accountable for an amount of crack cocaine in excess of 1.5 kilograms, resulting in a base offense level of 41; however, he contends he did not admit to this drug amount nor was it found by a jury beyond a reasonable doubt. ECF No. 4152-1 at 9. However, it is well established relevant conduct can be utilized in the PSR to determine the amount of drugs for which a defendant may be held accountable. Defendant's motion is denied.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 27, 2017